WALDEN, Chief Judge.
This is an appeal from a summary final judgment, which judgment ordered the appellant to issue a certain liquor license to appellee.
The Division of Beverage correctly portrayed the appellate issue in its point:
“The lower court erred in directing the appellant to issue alcoholic beverage license No. 16-730, an alcoholic beverage quota license, to the appellee, when the issuance of same would be contrary to the quota limitations imposed by § 561.-20(1), Florida Statutes.”
The dispositive statutes are Fla.Stat. 561.20(1) (1973) :
“561.20 Limitation of number of licenses issued.—
“(1) No license under § 565.02(1) (a)(f), inclusive, shall be issued so that the number of such licenses within the limits of the territory of any county shall exceed one such license to each twenty-five hundred (2500) residents, or major fraction thereof, within such county, as shown by the last regular statewide census, either federal or state, of such county. However, such limitation shall not prohibit the issuance of at least three licenses in any county that may approve the sale of intoxicating liquors in such county.
and Fla.Stat. 561.20(3):
“(3) The limitation upon the number of such licenses to be issued as herein provided shall not apply to existing licenses or to the renewal or transfer of such licenses, but upon the revocation of any existing license no renewal thereof or new license therefor shall be issued contrary to the limitation herein prescribed. However, the beverage director may reissue a license under § 565.02 (l)(b) to any qualified applicant within any municipality in which there is only one license, which formerly had an additional license which has heretofore been revoked, and which has sufficient population as shown by the last regular statewide federal census to warrant the additional license. The transfer permitted herein shall not include the change in location of any licensed premises as provided in § 561.33 of the beverage law when such change of location will increase the number of licenses contrary to the limitation upon the number of such licenses as herein provided.”
In the course of events the Division of Beverage had earlier revoked the license then held by one not a party to this case. The appellee then successfully sought an injunctive order directing that this revoked license be issued to appellee.
It is established that at the time in question, according to the last proper census, the alcoholic beverage quota license allotment for Broward County was 248. However, there were 287 outstanding licenses, thereby leaving Broward County over-quo- *684 taed by 39 licenses. Thus, under these circumstances there were no beverage quota licenses available for issuance in Broward County.
It is our opinion and holding that the trial court erred in ordering the issuance of the license because such issuance was vi-olative of the provisions and restrictions of Fla.Stat. 561.20(1) and (3), supra. We particularly point to these words in § 561.-20(3):
“. . . upon the revocation of any existing license no renewal thereof or new license therefor shall be issued contrary to the limitation herein prescribed.”
The appealed judgment was silent as to the rationale used in reaching the decision. We have searched appellee’s brief with care to determine if there was any basis for the decision or reason why the clear and unambiguous words of the statutes should not be applied. This was unavailing. The appealed judgment is
Reversed.
CROSS and MAGER, JJ., concur.